JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00749-JVS(DFMx) | Date | October 3, 2023 |
| Title | Western Repacking LLLP et al v. Nutrition Corp., Inc. et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Default Judgment [29]**

Plaintiffs Western Repacking LLLP and The Thomas Colace Co. Inc. (collectively "Plaintiffs") move for default judgment against Defendants Nutrition Corp., Inc. d/b/a Fresh N Lean.com ("Nutrition Corp."), Nutrition Corp. Holdco, Inc. ("Holdco"), Thomas J. Asseo, and Laureen E. Asseo (collectively "Defendants"). (Mot., Dkt. No. 29.)

For the following reasons, the Court **GRANTS in part and DENIES in part** Plaintiffs' motion for default judgment.

## I. Background

The following factual allegations are taken from the complaint and declarations filed in conjunction with this motion.

Plaintiff Western Repacking LLLP ("Western") engages in the business of buying and selling wholesale quantities of produce in interstate commerce. (Complaint ("Compl."), Dkt. No. 1 ¶ 4.) Plaintiff The Thomas Colace Co. Inc. ("Colace") engages in the same business. (Id. ¶ 5.) They are both subject to and licensed under provisions of the Perishable Agricultural Commodities Act ("PACA") 7 U.S.C. § 499e(c)) as dealers. (Id. ¶¶ 4–5.) See § 499a(b)(6) (defining "dealer" under PACA).

On December 19, 2022, and February 14, 2023, Plaintiffs sold and delivered to Defendant Nutrition Corp. wholesale quantities of produce that had been shipped in interstate commerce. (Id. ¶ 11.) Prior to the execution of these sales, Nutrition Corp. received or contracted to receive more than 2,000 pounds of total produce in a single day. (Id. ¶ 12.) The Defendants accepted the produce but did not pay the Plaintiffs despite

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:23-cv-00749-JVS(DFMx)                    Date   October 3, 2023

Title   Western Repacking LLLP et al v. Nutrition Corp., Inc. et al

repeated demands.  (Id. ¶ 13.)  Presently, Defendants owe Western the principal amount of $45,369.70 and Colace the principal amount of $4,862.40.  (Id.)

Plaintiffs sent invoices to Defendants for each sale.  (Id. ¶ 16.)  The faces of those invoices contained the language required by § 499e(c)(4) to preserve the benefits of the statutory trust created under PACA when Defendants received the produce.  (Id. ¶¶ 14, 17.)  Plaintiffs preserved their interests and remain beneficiaries of the trust created.  (Id. ¶¶ 18–19.)  Defendants have failed and refused to pay the Plaintiffs.  (Id. ¶ 21.)

On May 5, 2023, Plaintiffs served the complaint on Defendant Holdco (Declaration of Anthony B. Cartee ("Cartee Decl.") Mtn. 1, Dkt. No. 29-4 ¶4); on Defendant Nutrition Corp. on June 7, 2023 (id. ¶ 3); and on Defendants Thomas Asseo and Laureen Asseo on July 28, 2023 (id. ¶¶ 6–7).  Service was deemed complete on May 24, 2023, for Defendant Holdco, (Dkt. No. 13), June 20, 2023 for Defendant Nutrition Corp., (Dkt. No. 14), and August 7, 2023 for Defendants Thomas Asseo and Laureen Asseo.  (Dkt. No. 20–21.)  Defendants Holdco and Nutrition Corp. did not respond to the complaint by their May 26, 2023, and June 28, 2023, deadlines respectively, nor did Defendants Thomas Asseo or Laureen Asseo respond by their August 18, 2023, deadline.  See (Cartee Decl. ¶ 7–8.)  Therefore the Clerk of the Court entered the Defendants' default in this action on August 31, 2023.  (Id. ¶ 8.)  Plaintiffs now moves this Court to enter default judgment against the Defendants.

## II. Legal Standard

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

### A.   Procedural Requirements for Default

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure.  Rule 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form.  Fed. R. Civ. P. 55(a).  Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party.  Fed. R. Civ. P. 55(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-00749-JVS(DFMx)                    Date  October 3, 2023

Title  Western Repacking LLLP et al v. Nutrition Corp., Inc. et al

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy that rule, a plaintiff needs to submit a declaration establishing (1) when and against who the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative", (4) whether the Servicemembers Civil Relief Act applies; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Rule 55(b)(2). L.R. 55-1.

  B. *Substantive Requirements for Default*

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992).

### III. DISCUSSION

  A. *Procedural Requirements for Default*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-00749-JVS(DFMx)               Date  October 3, 2023

Title       Western Repacking LLLP et al v. Nutrition Corp., Inc. et al

    Plaintiffs have satisfied the procedural requirements for a default judgment against Defendants.  The motion for default judgment requests $50,232.10 in principal damages between the two plaintiffs, plus attorneys' fees, costs, and prejudgment interest.  See (Mtn. 1, Dkt. No. 29, at 12.)  This is consistent with the relief requested in the Complaint, as required by Rule 54(c)).  (Compl. ¶¶ 13, H.)

    Plaintiffs also satisfied Local Rule 55-1.  The declaration accompanying the motion establishes that the clerk entered a default against all Defendants on August 31, 2023.  (Cartee Decl. ¶ 8.)  The declaration also confirms the Defendants are not an infant or an incompetent person, and that the Servicemembers Civil Relief Act does not apply.  (Id. ¶ 12.)

    Accordingly, the Court finds that the Plaintiffs satisfied the procedural requirements  to enter default judgment.

    B.    *Substantive Requirements for Default*

    Plaintiffs have also satisfied the substantive requirements for default judgment for all but their unlawful dissipation of trust assets claims.  The Court will address each Eitel factor individually.

    1.    The possibility of prejudice to the plaintiff

    Under the first Eitel factor, courts examine whether a plaintiff will experience prejudice if he does not receive a default judgment.  Eitel, 782 F.2d at 1472.  If, absent a default, a plaintiff has no remedy, then he will suffer prejudice.  Philip Morris, 219 F.R.D. at 499; PepsiCo, 238 F. Supp. 2d at 1175.

    The first Eitel factor favors default judgment because the Defendants' lack of response precludes Plaintiffs from attaining a judicial resolution to this dispute. The Defendants failed to respond to demands made by Plaintiffs before they filed this action, the default issued by the clerk, or any of the papers associated with this motion.  Without another recourse for recovery, Plaintiffs will likely suffer great prejudice.  Philip Morris, 219 F.R.D. at 499. Additionally, because, by defaulting, the Defendants are deemed to have admitted the truth of Plaintiffs' averments, the evidence before the Court established that Plaintiffs will likely suffer prejudice because of the lack of payments they will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00749-JVS(DFMx) | Date | October 3, 2023 |
| Title | Western Repacking LLLP et al v. Nutrition Corp., Inc. et al | | |

receive for their produce and wider negative effect of buyers not paying sellers in the produce market.  See id.  Thus, the Court finds that the first factor favors default judgment.

    2-3. The merits of Plaintiffs' substantive claim and sufficiency of the complaint

  The second and third Eitel factors consider the substantive merit of the plaintiff's claim and the sufficiency of the complaint.  Eitel, 782 F.2d at 1471.  Taken together, they "require that a plaintiff state a claim on which it may recover."  Landstar Ranger, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (internal quotations omitted).  To weigh these two factors, the Court must evaluate the merits of all of Plaintiffs' claims.

    **a.** **Failure to Maintain Statutory Trust, Failure to Make Prompt Payment of Trust Funds, and Unlawful Receipt and Retention of PACA Trust Assets.**

  The Plaintiffs have sufficiently stated claims to recover under PACA for failure to maintain a statutory trust, failure to make prompt payment of trust funds, and unlawful receipt and retention of PACA trust assets.  PACA protects sellers of perishable agricultural goods by requiring a merchant, dealer, or retailer of perishable produce to hold in trust proceeds from the sale of the perishable produce, and food derived from that produce, for the benefit of all unpaid suppliers.  See 7 U.S.C. § 499e(c)(2); Royal Foods Co., Inc. v. RJR Holdings, Inc., 252 F.3d 1102, 1104–05 (9th Cir. 2001).  In other words, PACA establishes a nonsegregated trust in which "a produce dealer holds produce-related assets as a fiduciary" in a statutory trust "until full payment is made to the produce seller."  C.H. Belt & Assocs., Inc. v. East & West Gourmet Food, Inc., No. CV-16-1953, 2017 WL 11631509, at *3 (C.D. Cal. Feb. 22, 2017) (quoting In re San Joaquin Food Serv., Inc., 958 F.2d 938, 939 (9th Cir. 1992)).

  To establish a PACA claim, a plaintiff must show:

  (1) the commodities sold were perishable agricultural commodities, (2) the purchaser was a commission merchant, dealer, or broker, (3) the transaction occurred in contemplation of interstate or foreign commerce, (4) the seller has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00749-JVS(DFMx) | Date | October 3, 2023 |
| Title | Western Repacking LLLP et al v. Nutrition Corp., Inc. et al | | |

not received full payment on the transaction, and (5) the seller preserved its trust rights by including statutory language referencing the trust on its invoices.

Produce Pay, Inc. v. Izguerra Produce, Inc., 39 F.4th 1158, 1162 (9th Cir. 2022). And the Ninth Circuit has repeatedly held that strict compliance with PACA's requirements is mandatory. Produce All., LLC v. W. Cent. Produce, Inc., No. 20-2921, 2020 WL 8254864, at *3 (C.D. Cal. Nov. 17, 2020) (citing In re San Joaquin Food Serv., 958 F.2d at 940).

Plaintiffs satisfy all the elements to establish the above PACA claims. As alleged in the complaint, the produce sold by Plaintiffs to the Defendants qualify as perishable agricultural commodities. (Compl. ¶¶ 11, 13.) Defendants Nutrition Corp. and Holdco were dealers and subject to the provisions of PACA. (Id. ¶¶ 6–7.) The shipments of produce from Plaintiffs to Defendants were made in or in contemplation of interstate commerce. (Id. ¶ 11.) Defendants have not paid the Plaintiffs for the produce. (Id. ¶¶ 13, 32.) And the Plaintiffs preserved their trust rights by including the required statutory language referencing the trust on its invoices.[1] (Id. ¶¶ 17–18.) The Plaintiffs also allege that, at the direction of Holdco, Nutrition Corp. transferred assets from the statutory trust to Holdco in violation of PACA requirements. (Id. ¶¶ 62–65.)

Based on the foregoing, the Court finds that the Plaintiffs have sufficiently stated a claim to recover under PACA for enforcement of the statutory trust based on Defendants' failure to perform the duty to account and pay fully and promptly, and to conserve the trust assets for the benefit of the Plaintiffs.

### b. Unlawful Dissipation of Trust Assets by a Corporate Official

The Plaintiffs have not sufficiently stated claims to recover under PACA for unlawful dissipation of trust assets by a corporate official. Under PACA, "individual shareholders, officers, or directors of a corporation who are in a position to control PACA

---

[1] Plaintiffs provided copies of these invoices in support of this motion. (Western Repacking Invoices Mtn. 1, Dkt. No. 29, Ex. C); (The Thomas Colace Co. Invoice Mtn. 1, Dkt. No. 29, Ex. D).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00749-JVS(DFMx) | Date | October 3, 2023 |
| Title | Western Repacking LLLP et al v. Nutrition Corp., Inc. et al | | |

trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable . . . ." Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997). A "PACA trust in effect imposes liability on a trustee, whether a corporation or a controlling person of that corporation, who uses the trust assets for any purpose other than repayment of the supplier." Id. at 283 (internal citations omitted). To be liable, an individual must have "some role in causing the corporate trustee to commit the breach of the trust." Taylor Farms Ca., Inc. v. Cooper's Cold Foods, Inc., No. 19-cv-8924, 2021 WL 3501526, at *5 (C.D. Cal. Aug. 9, 2021) (quoting Sunkist, 104 F.3d at 283). "A court considering the liability of the individual may look at the closely-held nature of the corporation, the individual's active management role and any evidence of the individual's acting for the corporation." Sunkist, 104 F.3d at 283.

Plaintiffs bring individual unlawful dissipation claims against both Thomas Asseo and Laureen Asseo. (Compl. at 6–7.) The alleged facts asserted against them are identical, the only difference being the first initial of the Defendants' names.[2] (Id.) Both Asseos allegedly "controlled the operations" of Nutrition Corp. and Holdco. (Id. ¶¶ 8–9.) Taking the language of Sunkist, Plaintiffs also allege that both Thomas and Laureen Asseo are "an officer, director, and/or shareholder who operated [Nutrition Corp.] and [Holdco] during the relevant time period and prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiffs." (Id. ¶¶ 37, 44.) The Asseos failed to direct Nutrition Corp. and Holdco to preserve the PACA trust assets and pay Plaintiffs. (Id. ¶¶ 38, 45.) This failure "was an unlawful dissipation of trust assets by a corporate official." (Id. ¶¶ 40, 47.)

On its face, these allegations are too conclusory to state a claim for individual liability under PACA. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Plaintiffs must show that Thomas Asseo and Laureen Asseo, as individuals, had "some role in causing the corporate trustee to commit the breach of the trust." See Taylor Farms, 2021 WL 3501526, at *5 (quoting Sunkist, 104 F.3d at 283). As pleaded, the factual allegations fall short of doing so. Therefore, the second and third Eitel factors militate against entering default judgment on the Plaintiffs' claims for

---

[2]Except for the heading, Plaintiffs failed to even substitute the first initial of Laureen Asseo in the claim against her. (Compl. ¶¶ 44–48.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:23-cv-00749-JVS(DFMx)            Date   October 3, 2023

Title   Western Repacking LLLP et al v. Nutrition Corp., Inc. et al

unlawful dissipation.

However, this is of no consequence because the PACA and other claims provide a basis for recovery of all monitory damages.

### c.     Breach of Contract and Failure to Pay for Goods Sold

Plaintiffs sufficiently pleaded the required elements for breach of contract. The elements of a claim for breach of contract are: (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant and (4) damage to plaintiff as a result of defendant's breach. Landstar Ranger, 725 F. Supp. 2d at 920.

Plaintiffs have pleaded all the required elements to sufficiently state a claim. They allege that the Defendants contracted for sales of produce with the Plaintiffs and received invoices without objection. (Compl. ¶¶ 12, 51.) That Plaintiffs performed by delivering the wholesale quantities of produce to the Defendants. (Id. ¶¶ 11, 54.) Defendants then breached the contract by failing to pay for the produce after receiving it. (Id. ¶¶ 13, 53.) And that Plaintiffs were damaged by losing out on those payments. (Id. ¶ 55.)

Accordingly, the Court finds that the Plaintiffs have sufficiently stated a claim to recover for breach of contract.

### 4.     The sum of money at issue

The fourth Eitel factor examines whether a sum of money at stake is proportionate to the plaintiff's harm. Landstar Rager, 725 F. Supp. 2d at 921. Plaintiffs included sufficient documentation in its memorandum in support, declarations, and exhibits related to this motion to show damages totaling $50,232.10. (Mem. Supp. Mtn. 1, Dkt. No 29-1 at 5–6, 11); (Declaration of Drew Yurko ("Yurko Decl.") Mtn. 1, Dkt. No. 29-2 ¶¶ 7–8, 14); (Western Repacking Invoices ("Western Invoices") Mtn. 1, Dkt. No. 29, Ex. C); (The Thomas Colace Co. Invoice ("Colace Invoice") Mtn. 1, Dkt. No. 29, Ex. D.) Accordingly, this factor weighs in favor of granting the motion.

### 5.     The possibility of disptue regarding material facts

The fifth Eitel factor weighs in favor of default judgment because "[u]pon entry of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-00749-JVS(DFMx)     Date  October 3, 2023

Title   Western Repacking LLLP et al v. Nutrition Corp., Inc. et al

default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." PepsiCo, 238 F. Supp. 2d at 1175. The Court finds it unlikely that there would be a significant dispute of material fact. As noted above, the damages claimed by the Plaintiffs are supported in the record. Accordingly, this factor weighs in favor of entering default.

      6.      Whether the default was due to excusable neglect

The sixth Eitel factor considers whether the default was due to excusable neglect. Eitel, 782 F.2d at 1472. The possibility of excusable neglect is remote when the defendant has been properly served or is aware of the lawsuit. Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Here, Defendants have not appeared in this action and have not responded to any of Plaintiffs' communications or service. This factor therefore weighs in favor of granting Plaintiffs' motion.

      7.      The strong policy favoring decision on the merits

The final Eitel factor recognizes that "[c]ases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. Where a defendant fails to answer the complaint, however, a decision on the merits is "impractical, if not impossible." PepsiCo, 238 F. Supp. 2d at 1177. As noted above, Defendants have failed to answer the complaint, despite Plaintiffs' service of the summons and complaint. Accordingly, the Court finds that a decision on the merits in this case is "impractical, if not impossible," and the final factor weighs in favor of entering default in this case. Id.

In sum, the Court finds the Eitel factors favor entry of default judgment as to Plaintiffs' meritorious causes of action. Namely, their PACA claims for failure to maintain a statutory trust, failure to make prompt payment of trust funds, and unlawful receipt and retention of PACA trust assets, in addition to their breach of contract, and failure to pay claims. However, the Court will not enter default judgment on Plaintiffs' unlawful dissipation of trust assets claims, considering the balance of the Eitel factors and the relative importance of the merits of Plaintiffs' claims and the sufficiency of the Complaint. See, e.g., Fed. Nat'l. Mortg. Ass'n. v. George, No. CV 14-01679, 2015 WL 4127958, at *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00749-JVS(DFMx) | Date | October 3, 2023 |
| Title | Western Repacking LLLP et al v. Nutrition Corp., Inc. et al | | |

### C.  Remedies

Federal Rule of Civil Procedure 54(c) mandates that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Here, Plaintiffs' requested categories of relief do not differ in kind from the relief requested in the Complaint. Plaintiffs seek a remedy of damages totaling $50,232.10, in addition to attorneys' fees, costs, and prejudgment interest. (Mem. Supp. Mtn. 1, at 12.) Specifically, Western seeks $45,369.70 in principal, $5,106.98 in interest owed on that debt through September 8, 2023, attorneys' fees of $6,692.72, and costs in the amount of $1,721.50. (Id.) Plus, Western seeks accrued interest through and including the entry date of judgment at the rate of $22.37 per day. (Id.) Colace seeks $4,862.40 in principal payment, $498.76 in interest owed on that debt through September 8, 2023, attorneys' fees of $717.28, and costs in the amount of $184.50. (Id.) Colace also asks for accrued interest through and including the entry date of judgment at the rate of $2.40 per day. (Id.)

####    1.    Damages

PACA dictates that "[i]f any commission merchant, dealer, or broker violates any provision of section 499b of this title he shall be liable to the person or persons injured thereby for the full amount of damages . . . sustained in consequence of such violation." 7 U.S.C. § 499e(a). The Plaintiffs have the burden of proving damages sought in the complaint. See PepsiCo, 238 F. Supp. 2d at 1175. The court may hold an evidentiary hearing to determine the amount of damages. Fed. R. Civ. Proc. 55(b)(2)(B). Where "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits[,]" a default judgment may be entered without a hearing. Citizens Bus. Bank v. Vessel Bellezza, No. 18-cv-02163, 2020 WL 7064247, at *3 (C.D. Cal. Oct. 27, 2020) (quoting Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)).

The Yurko Declaration provides evidence to support Plaintiffs requested total principal of $50,232.10. (Yurko Decl. ¶ 14.) The Plaintiffs also include copies of invoices that adequately support the requested amount of principal damages. (Western Invoices, Mtn. 1, Dkt. No. 29, Ex. C; Colace Invoice, Mtn. 1, Dkt. No. 29, Ex. D.) Therefore, the Court concludes that the amount of damages is ascertainable from the definite figures in the invoices and that a hearing is not necessary. See Citizens Bus. Bank, 2020 WL 7064247, at *3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:23-cv-00749-JVS(DFMx)                            Date    October 3, 2023

Title    Western Repacking LLLP et al v. Nutrition Corp., Inc. et al

Accordingly, the Court awards damages to the Plaintiffs in the amount of $45,369.70 for Western and $4,862.40 for Colace.

2.      Attorneys' Fees and Costs

"As with many other commercial sellers, those who sell perishable agricultural commodities may include contractual provisions for attorneys' fees and interest to account for losses that arise from delay in payment under a contractual credit arrangement."  Middle Mountain Land and Produce Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1223 (9th Cir. 2002)  "A fair reading of [PACA] brings contractually due attorneys' fees and interest within the scope of the statute's protection of 'full payment owing in connection with the [perishable agricultural commodities] transaction.'"  Id. (quoting 7 U.S.C. § 499e(c)(2)).

According to the complaint, the Plaintiffs' invoices provide for the recovery of attorneys' fees and costs incurred to collect any balance due.  (Compl. ¶ 68.)  Local Rule 55-3 provides a schedule of attorneys' fees for default judgments. Under this schedule, awards of attorneys' fees are directly related to the amount of the judgment. An attorney, however, can apply to the Court to award fees in excess of the Rule 55-3 schedule and the Court shall "render judgment for such fee as the Court may deem reasonable."  Plaintiffs request an award of $7,410.00 in attorneys' fees and costs in the amount of $1,906.00. (Mem. Supp. Mtn. 1, at 10); (Declaration of Gregory Brown ("Brown Decl."), Mtn. 1, Dkt. No. 29-3 ¶¶ 3, 6); (Cartee Decl. ¶¶ 19–20.)

The Court finds the costs reasonable for service of process.  (Cartee Decl. ¶ 20.) For attorneys' fees, Plaintiffs offer records and time sheets to make this showing, and explains how it arrived at its calculation of attorneys' fees. (Brown Decl. ¶ 5); (Cartee Decl. ¶¶ 19–20); Mtn. 1, Dkt. No. 29, Exs. G and H.) The Court finds the documented hours and rates reasonable in the amount of $7,410.00.

Accordingly, the Court awards Plaintiffs attorneys' fees in the amount of $6,692.72 to Western and $717.28 to Colace.  It also awards costs in the amount of $1,721.5 to Western and $184.50 to Colace.

3.      Prejudgment Interest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00749-JVS(DFMx) | Date | October 3, 2023 |
| Title | Western Repacking LLLP et al v. Nutrition Corp., Inc. et al | | |

Plaintiffs seek a prejudgment finance charge at the contractual rate of 18% per annum and accrued interest through and including the entry date of judgment. (Mem. Supp. Mtn. 1, at 12.) "[A] district court has broad discretion to award prejudgment interest to PACA claimants under § 499e(c)(2)." Middle Mountain Land, 307 F.3d at 1225–26. "[S]uch an award absent contract is discretionary." Id. Given that Plaintiffs' invoices to Defendants clearly contained contract terms providing for an 18% interest charge on all unpaid sums per year until fully paid, the Court finds that the Plaintiffs' calculated interest is reasonable. (Mem. Supp. Mtn. 1, at 11); (Western Invoices, Mtn. 1, Dkt. No. 29, Ex. C); (Colace Invoice, Mtn. 1, Dkt. No. 29, Ex. D.)

Accordingly, the Court awards prejudgment interest to the Plaintiffs at the contractual rate of 18% per annum through and including the entry date of judgment.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Plaintiffs' motion for default judgment. The Court finds that oral argument would not be helpful in this matter and vacates the October 16, 2023, hearing. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**